IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CHRIS A. PETRI | ) | |
| | ) | |
| Plaintiff | ) | Case No. 16-cv-09114 |
| | ) | |
| v. | ) | Hon. Samuel Der-Yeghiayan |
| PNC FINANCIAL SERVICE GROUP, | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S
## MOTION FOR SUMMARY JUDGEMENT

NOW COMES the Plaintiff, CHRIS A. PETRI, by and through his attorney, Burton A. Brown of Law Offices of Burton A. Brown, and pursuant to Rule 56 of Federal Rules of Civil Procedure, and submits his Response to Defendant's Motion for Summary Judgement. In support of its Response, Plaintiff states as follows:

1. On or about June 15, 2016, Plaintiff Chris A. Petri ("Plaintiff") filed a Complaint against PNC in the Circuit Court of the Sixteenth Judicial Circuit of Kane County, Illinois alleging multiple claims including fraudulent inducement, consumer fraud, breach of oral contract, breach of express contract, and unjust enrichment. Dkt. No. 1, Ex. A.

**RESPONSE: Agreed.**

2. On September 21, 2016, PNC filed a Notice of Removal to this Court. *Id.*

**RESPONSE: Agreed.**

3. All of Plaintiff's claims relate to the rate of interest that three separate accounts belonging to Plaintiff at PNC were earning from mid-2014 to January, 2016. *Id.*

**RESPONSE: Agreed.**

4. The underlying premise of Plaintiff's claims is that PNC either engaged in fraud or breached its contract by not paying a 1.00% interest rate on the accounts, which PNC orally promised to pay him prior to contract formation.

**RESPONSE: Agreed.**

5. Although the governing account agreements and rate disclosures indicated that the accounts were subject to a three-month promotional period and that PNC reserved the right to change the interest rate on the accounts at its discretion (which Plaintiff signed and read), Plaintiff argues that the oral representations made by PNC employees prior to contract formation govern.

**RESPONSE: Plaintiff admits that under proper circumstances the Account Agreement and its terms would control. Plaintiff denies it controls in this case because the Plaintiff denies ever receiving the Account Agreement at the time, either before or after he delivered the funds to the bank.**

6. Every claim brought by Plaintiff against PNC is ripe for summary judgment as there is no genuine dispute of material fact.

**RESPONSE: Plaintiff denies that this dispute is ripe for anything other than trial. All material facts are in dispute: the terms of the contract as to the interest rate are disputed, whether the terms and conditions were or were not a part of the contract, and Plaintiff denies ever receiving the Account Agreement.**

7. Plaintiff's breach of contract claims fail as a matter of law because the allegations are premised on inadmissible evidence as the Parol Evidence Rule precludes extrinsic evidence from being admitted to alter the unambiguous terms of a written contract.

**RESPONSE: That Plaintiff admits the definition of "Parol Evidence" is correct, but adding that "except in the case of an ambiguous term or ambiguity of the terms and conditions."**

8. Plaintiff's claim for breach of oral contract also fails because no oral contract exists due to the lack of a material and essential term: the contract's duration.

**RESPONSE: Plaintiff denies the allegations contained in paragraph eight (8), but affirmatively states that a reasonable time period can be applied by the court.**

9. Plaintiff's unjust enrichment claim fails because the written contract defines the entire relationship between PNC and Plaintiff, including the subject matter of this claim – the interest rate for the three accounts.

**RESPONSE: Plaintiff states that a material issue of fact exists as to whether or not there was a written contract, and if so, what its terms might be. This is disputed by the two witnesses in the case.**

10. Plaintiff's common law fraud claim fails because a party cannot claim deception or fraud when that party had an opportunity to ascertain the truth by reading the written agreement.

**RESPONSE: That Plaintiff admits this definition of common law fraud, but affirmatively states that Plaintiff denies there was a written contract.**

11. Plaintiff's consumer fraud claim fails because Plaintiff has not presented any evidence establishing a consumer nexus that would bring this case outside of the breach of contract claim.

**RESPONSE: That Plaintiff denies the allegations contained in paragraph eleven (11).**

12. The claims also *generally* fail because Plaintiff ratified the written agreements with PNC by not challenging and thus accepting the interest rate the accounts were earning.

**RESPONSE: That Plaintiff denies the allegations contained in paragraph twelve (12). Furthermore, Plaintiff states that, again, one of the material facts in the claim is the receipt of any written contract or agreement and that Plaintiff denies that.**

3

13. PNC files contemporaneously herewith its Memorandum in Support of its Motion for Summary Judgment, its Statement of Uncontroverted Facts, and accompanying Exhibits A – Q.

**RESPONSE: No response is necessary for paragraph thirteen (13) because it does not contain any facts.**

14. For all of the reasons stated herein and in PNC's Memorandum in Support, there is no genuine issue of material fact for trial. PNC is entitled to judgment as a matter of law on all counts in Plaintiff's Petition.

**RESPONSE: No response is necessary for paragraph fourteen (14) because it does not contain any facts.**

WHEREFORE Plaintiff Chris A. Petri's respectfully requests that this Court deny the Defendant PNC Bank, N.A.'s motion for summary judgment and hold it for naught, and grant such other and further relief as this Court deems just and proper.

Respectfully submitted,

By: /s/ Burton A. Brown

Burton A. Brown, #0312045
Law Offices of Burton A. Brown
161 N. Clark St.
Suite 1600
Chicago, IL 60601
(312) 236-5582
babrown@burtonabrown.com

*Attorney for Chris A. Petri*

4